The opinion of the Court was delivered by
Colcock, J.
The first ground, which is a new one, is also a mistaken one. The witness called a Mr. Marvin, a gentleman of information and a merchant, who said he had seen the defendant write, and believed the signature to be his handwriting, which is sufficient proof. Philips on Evidence, p. 364.
On the second ground, if the defendant had intended show that the bond was executed by him in conformity to the Act which provides for the maintenance of bastard children, he should have pleaded this specially, by which the plaintiffs would have been put on their guard, and may, under the special plea, have shown, that it was a voluntary deed given to the plaintiffs, as trustees for the child alluded to in the condition, or other matter in support of the bond. Or, if there was sufficient, apparent on the record, to show that the bond was given under the bastard Act, he may have demurred. Any thing, which shows, that the bond was void at the common law, ah initio may be given in evidence under *336 this plea, “ as that it was obtained by fraud, given by one not competent to contract, or that it became void after it was made, and before the commencement of the action, by erasure, alteration, addition, &e. But matter which shows, that the deed was merely voidable on account of infancy or duress, or that it was void by Act of Parliament in respect of usury, gaming, and so forth, or that a bail bond was not made according to the Act of the 23 Henry 6, c. 9,[1] must in general be pleaded. In *the case 0^' a kail bond, indeed, if it appear upon the declaration, that the bond has been contrary to the provisions of the statute, the defendant may demur, or he niay move in arrest of judgment after verdict on a plea of non esi factum1 Chitty, 419, 480.
King, for the motion. Hayne, Attorney-General, contra.
On the third ground the defendant cannot prevail, because it involves the consideration of facts submitted to the jury, and by them determined in favor of the plaintiffs.
The motion for a new trial is therefore refused.
All the judges concurred.

 P. L. Appendix 8, not in statute at large. See ante, 333.